UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

CIVIL ACTION NO. 05-33-KKC

ADANA L. REZO,                                                                                    PLAINTIFF,

V.    **MAGISTRATE JUDGE'S REPORT
       AND RECOMMENDATION**

JO ANNE B. BARNHART,
Commissioner of Social Security,                                                         DEFENDANT.

## I.  INTRODUCTION

Plaintiff, Adana L. Rezo, has brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Defendant Commissioner denying Plaintiff's application for a period of disability and disability insurance benefits.  This matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Now ripe for decision on the parties' motions for summary judgment, and for the reasons set forth herein, it will be recommended that Plaintiff's motion for summary judgment be denied, Defendant Commissioner's motion for summary judgment be granted, and Judgment be entered affirming the final decision of the Defendant Commissioner.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for a period of disability and disability insurance benefits on November 14, 2003.[1] (Tr. 71-73.) The claim was denied initially and on reconsideration. (Tr. 49-52, 55-57.) At Plaintiff's request, an administrative hearing, presided by Administrative Law Judge Peter M. Davenport (hereinafter "ALJ"), was conducted on November 2, 2003. (Tr. 443-462.) Plaintiff, accompanied by her attorney, testified at the hearing. (Id.) Also testifying were vocational expert Betty Hale (hereinafter "VE") and medical expert Dixie Moore. (Id.) On December 17, 2004, the ALJ issued an adverse administrative decision. (Tr. 25-36.) The ALJ found that Plaintiff was not disabled and therefore did not qualify for a period of disability or disability insurance benefits. (Id.) The Appeals Council declined to review the ALJ's decision (Tr. 10-12) and Plaintiff now seeks judicial review.

Plaintiff was forty-three years old at the time of the administrative decision. (Tr. 29, 446.) Plaintiff has a ninth grade education supplemented by real estate licensing courses. (Tr. 108, 446.) Her past relevant work experience consists of employment as a personal assistant, real estate agent, insurance staff assistant, and tax

---

[1] Plaintiff filed a previous application for a period of disability and disability insurance benefits on May 6, 1999. (Tr. 67-69.) The application was denied initially on July 21, 1999. (Tr. 45-48.) Plaintiff did not request reconsideration or otherwise appeal the initial determination of the Social Security Administration. (Tr. 28.)

preparation office worker. (Tr. 29, 103.)

At the outset, the ALJ found that Plaintiff met the disability insured status requirement for a period of disability and disability insurance benefits under the Social Security Act, see generally 20 C.F.R. §§ 404.130-404.132, and was insured for benefits through March 31, 2004. (Tr. 34.) At the first step of the sequential evaluation process, see generally 20 C.F.R. § 404.1520, the ALJ found that Plaintiff's part-time employment at a tax preparation office since the alleged onset date of disability did not amount to substantial gainful activity. (Tr. 34.) At the second step, the ALJ found that Plaintiff's carpal tunnel syndrome, tendinitis, depression, anxiety, and obesity were severe impairments within the meaning of the Regulations, see 20 C.F.R. §§ 404.1520(c), 404.1521. (Tr. 35.) At the third step, the ALJ found that Plaintiff's medically determinable impairments did not meet or medically equal an impairment in the Listings, see generally 20 C.F.R. pt. 404, subpt. P, app. 1. (Tr. 35.) At the fourth step, the ALJ found that Plaintiff was unable to perform any of her past relevant work, see 20 C.F.R. § 404.1560(b)(1). (Tr. 35.)

At the fifth and final step, relying on the testimony of the VE and taking into consideration the Plaintiff's age, educational background, past relevant work

experience, and residual functional capacity (hereinafter "RFC")[2], the ALJ found that Plaintiff was capable of making a successful adjustment to work existing in substantial numbers in the national economy.[3] (Tr. 33-35.) Accordingly, the ALJ found Plaintiff not disabled at step five of the sequential evaluation process. See 20 C.F.R. §

---

[2] An RFC is the assessment of the claimant's maximum remaining capacity to perform work related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. § 404.1545(a)(1); see also Hickey-Haynes v. Barnhart, 2004 U.S. App. LEXIS 25567 at *20 (6th Cir. Dec. 1, 2004); Brown v. Comm'r of Soc. Sec., 2001 U.S. App. LEXIS 708 at *11 (6th Cir. Jan. 12, 2001). In this case, the ALJ assessed the following RFC:

> [Plaintiff's] combined impairments limit her exertionally to a range of medium work. She is able to lift and/or carry up to 50 pounds occasionally and 25 pounds frequently. She can stand and/or walk with normal breaks up to six hours out of an 8-hour workday. She can push and/or pull other than as restricted for lift and/or carry. She has environmental restrictions to avoid even moderate exposure to vibration. As of October 2003, [Plaintiff] had additional limitation of functioning as established by "fair" or "satisfactory" ability to relate to co-workers, use judgment, or to function independently. She retains fair ability for detailed, but not complex, job instructions and has fair ability to maintain her personal appearances, relate predictably in social situations and to demonstrate reliability. [Plaintiff] has "poor" or "limited but not totally precluded" ability to deal with the public or with work stresses and to carry out complex job instructions. She has fair to poor ability to interact with supervisors, to maintain attention and concentration and to behave in an emotionally stable manner. These further limitations were not present prior to October 2003.

(Tr. 35.)

[3] Although not per se required, the testimony of a VE is the preferred method of supporting a finding that a claimant is capable of making an adjustment to work found in substantial numbers in the national economy. See Janik v. Sec'y of Health & Human Servs., 1988 U.S. App. LEXIS 17043 at *12 (6th Cir. Dec. 14, 1988); Hooper v. Sec'y of Health & Human Servs., 1984 U.S. App. LEXIS 13538 at *9 (6th Cir. Dec. 3, 1984); O'Banner v. Sec'y of Health, Educ., & Welfare, 587 F.2d 321, 323 (6th Cir. 1978). In this case, at the medium level of exertion, the VE identified hand packing positions (approximately 128,200 jobs nationally and 1,800 jobs in the Commonwealth of Kentucky) and production labor positions (429,800 nationally and 7,700 regionally) as jobs that an individual of Plaintiff's age, educational background, employment history, and assumed limitations could perform. (Tr. 460-461.)

404.1520(g). The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on April 6, 2005. (Tr. 10-12.) Plaintiff thereafter filed this action and the parties' motions for summary judgment (Record Nos. 5 & 6) are now ripe for review.

### III.  ANALYSIS

A.  General Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence. 42 U.S.C. § 405(g); Abbott v. Sullivan, 905 F.2d 918, 922 (6th Cir. 1990); see also Jones v. Sec'y of Health & Human Servs., 945 F.2d 1365, 1368-1369 (6th Cir. 1991). Substantial evidence is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984).

Furthermore, the Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230,

1233 (6th Cir.1993); see also Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6th Cir. 1999).  The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts.  Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).  If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.  Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983); Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987).  Finally, "[t]he court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  Bradley v. Sec'y of Health & Human Servs., 862 F.2d 1224, 1228 (6th Cir. 1988) (citing Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir.1987)).

    B.  Plaintiff's Contentions on Appeal

On appeal to this Court, Plaintiff presents three separate claims of error.  First, Plaintiff contends that the ALJ erred as a matter of law in rejecting Plaintiff's testimony.  Second, Plaintiff asserts that the ALJ improperly ignored the opinion of Dr. Saeed Hamid, Plaintiff's treating psychiatrist.  Lastly, Plaintiff argues that the ALJ improperly ignored the opinion of Ms. Connie D. Schenck, a licensed clinical social worker.

    C.  Analysis of Contentions on Appeal

1.  Plaintiff's Testimony

Plaintiff's first argument on appeal to this Court is that the ALJ erred as a matter of law in rejecting Plaintiff's testimony. At the administrative hearing, Plaintiff testified that she had been suffering from severe panic attacks and agoraphobia since July of 2003. (Tr. 448-449.) Plaintiff also testified experiencing problems with sleeping and excessive crying. (Tr. 449.) In addition, Plaintiff admitted self-mutilation by tearing off her cuticles, picking at her legs, and slicing herself with a knife. (Id.) According to Plaintiff, she is unable to leave her home without experiencing panic attacks, anxiety, fear, and nausea. (Tr. 452-453.) The ALJ found that Plaintiff's "allegations regarding her limitations [were] not totally credible." (Tr. 35.)

In making a disability determination, an ALJ must consider a claimant's allegations of pain, symptoms, and limitations. See 20 C.F.R. § 404.1529(a). In evaluating a claimant's allegations of pain, symptoms, and limitations, an ALJ may properly consider the credibility of the claimant. See Kirk, 667 F.2d at 538; Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 531 (6th Cir. 1997). An ALJ's findings with respect to the credibility of the claimant are afforded substantial deference, particularly because an ALJ is charged with the duty of observing a witness's demeanor and credibility. See Villarreal v. Sec'y of Health & Human Servs., 818

F.2d 461, 463 (6th Cir. 1987); Siterlet v. Sec'y of Health & Human Servs., 823 F.2d 918, 920 (6th Cir. 1987); Houston v. Sec'y of Health & Human Servs., 736 F.2d 365, 367 (6th Cir. 1984). Nevertheless, despite the properly afforded deference, an ALJ's credibility findings must be supported by substantial evidence in the record. Walters, 127 F.3d at 531; see also Beavers v. Sec'y of Health, Educ. & Welfare, 577 F.2d 383, 386-387 (6th Cir. 1978.)

With regard to subjective allegations of pain, symptoms, and limitations, Social Security Ruling 96-7p provides that "[n]o symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms." SSR No. 96-7p, 1996 SSR LEXIS 4 at *1-2 (Soc. Sec. Admin 1996).[4] In addition, Social Security Ruling 96-7p imposes on ALJs the following procedural requirement:

> It is not sufficient for the adjudicator to make a single, conclusory statement that the individual's allegations have been considered or that the allegations are (or are not) credible. It is also not enough for the

---

[4] Unlike Statutes and Regulations, Social Security Rulings do not have the force or effect of law. Heckler v. Edwards, 465 U.S. 870, 874 (1984); Garcia v. Sec'y of Health & Human Servs., 46 F.3d 552, 557 (6th Cir. 1995). However, Social Security Rulings are the Agency's official interpretation of the Regulations and are, therefore, entitled to substantial deference unless plainly erroneous or inconsistent with the Regulations. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 549 (6th Cir. 2004).

>adjudicator simply to recite the factors that are described in the [R]egulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

SSR No. 96-7p, 1996 SSR LEXIS 4 at *3-4 (internal quotations omitted).

In this case, the ALJ's decision complied with the requirements of Social Security Ruling 96-7p and the credibility findings found therein are supported by substantial evidence in the record. The ALJ provided specific reasons for his finding that Plaintiff's allegations were not entirely credible. The ALJ noted that other than slightly limited range of shoulder motion, objective orthopedic findings on clinical examination were entirely within normal limits. (Tr. 209-211.) Plaintiff tested negative for arm drop test, experienced no pain with resistance forces against abduction and external rotation, and exhibited no instability. (Tr. 211.)

With regard to Plaintiff's allegations of mental limitations, her reported activities in counseling notes at the Sunshine Center Therapy Program cast some doubt on Plaintiff's veracity. Plaintiff reported going out and shopping with friends and family. (Tr. 401, 409.) Plaintiff also reported hosting a party for her daughter and entertaining company. (Tr. 401-402.) Plaintiff traveled to Dayton, Chicago, and California. (Tr. 403, 405-406, 410.) In addition, Plaintiff reported part-time

9

employment with a tax preparation office during tax season. (Tr. 405-406.) The ALJ could have reasonably concluded that the reported activities were inconsistent with the level of severity alleged by Plaintiff.

Plaintiff argues that the ALJ's credibility findings were based on inaccurate or incomplete representations of the record. The ALJ stated that Plaintiff's Global Assessment of Functioning (hereinafter "GAF") at discharge from hospitalization was 70, which reflects mild symptoms. (Tr. 31.) In fact, although a GAF of 70 was reported as Plaintiff's highest in the preceding year, Plaintiff's GAF at discharge was 50, reflecting serious symptoms. (Tr. 265.) The ALJ also stated that Plaintiff attended a convention. (Tr. 32.) Plaintiff points out that the ALJ failed to mention that the convention was the site of a panic attack. Lastly, the ALJ stated that although Plaintiff reported self mutilation, no evidence of mutilation was observed during the administrative hearing. (Id.) Plaintiff claims that wrist splints covered the scabs on her hands and that her cuticles were visibly torn.[5]

Although Plaintiff correctly notes certain inaccurate and possibly incomplete statements made by the ALJ in his decision as support for his finding as to Plaintiff's

---

[5] Plaintiff's claim as to the visibility of Plaintiff's wrist splints and torn cuticles epitomizes the rationale for the deference reviewing courts afford the credibility findings of ALJs. Reviewing courts do not have the benefit of observing the appearances and demeanor of claimants and are, therefore, not in the best position to second guess the credibility findings of ALJs. In this case, for instance, this Court cannot determine from the record whether Plaintiff was in fact wearing wrist splints or whether her cuticles were visibly torn.

credibility, these errors are harmless unless Plaintiff can demonstrate prejudice resulting therefrom. As stated by the Supreme Court, where "remand would be an idle and useless formality," courts are not required to "convert judicial review of agency action into a ping-pong game." NLRB v. Wyman-Gordon Co., 394 U.S. 759, 766 n. 6 (1969). Thus, remand is unnecessary where the "quest of a perfect opinion" is unlikely to produce a different result. Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989.)

In this case, even if the instances of inaccurate and possibly incomplete representations of the record are removed from the equation, the ALJ nonetheless accurately cited to substantial evidence in the record supporting his credibility findings.[6] Therefore, remand would likely serve no useful purpose because the ALJ's credibility findings are supported by substantial evidence in the record. Accordingly, the ALJ's inaccurate and possibly incomplete representations of the record were harmless errors.

### 2. Treating Psychiatrist

Plaintiff's second argument on appeal to this Court is that the ALJ improperly ignored the opinion of Dr. Hamid, Plaintiff's treating psychiatrist. On August 26, 2003, Dr. Hamid completed a mental RFC questionnaire. (Tr. 431-435.) Dr. Hamid

---

[6] See supra III(C)(1), pp. 9-10.

11

opined therein that Plaintiff had a very good ability to understand and carry out very short and simple instructions, be aware of normal hazards and take appropriate precautions, and adhere to basic standards of neatness and cleanliness; that Plaintiff had a limited but satisfactory ability to ask simple questions, request assistance, and get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes; that Plaintiff was seriously limited in the ability to maintain attention for two hour segments, maintain regular attendance, maintain punctuality within customary strict tolerances, sustain an ordinary routine without special supervision, work in coordination with or proximity to others without being unduly distracted, make simple work-related decisions, complete a normal workday and workweek without interruptions from psychologically based symptoms, perform at a consistent pace without an unreasonable number and length of rest periods, accept instructions, respond appropriately to criticism from supervisors and changes in a routine work setting, set realistic goals or make plans independently of others, interact appropriately with the general public, maintain socially appropriate behavior, travel in unfamiliar places, and use public transportation; and that Plaintiff had no useful ability to remember work-like procedures, deal with normal work stresses, understand, remember, and carry out detailed instructions, and deal with stress of semiskilled or skilled work. (Tr. 433-434.) As mandated by 20 C.F.R. § 404.1527(b), the ALJ

considered Dr. Hamid's opinion and concluded that the limitations suggested by Dr. Hamid were disproportionate to Plaintiff's recorded activities. (Tr. 31.) Accordingly, the ALJ adopted a less work-prohibitive RFC assessment.[7]

The Regulations provide a framework for the evaluation of opinion evidence. With regard to treating source opinion evidence, the applicable Regulation provides:

> If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (d)(2)(i) and (d)(2)(ii) of this section, as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.[8]

20 C.F.R. § 404.1527(d)(2). Thus, although the opinion of a treating source is not necessarily binding, an ALJ is required to set forth some basis for the decision to reject a treating source opinion. Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir. 1987); see also Hickey-Haynes v. Barnhart, 2004 U.S. App. LEXIS 25567 at *9 (6th

---

[7] See supra n. 2.

[8] When a treating source opinion receives less than controlling weight, the factors to be applied are: (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) supportability, (4) consistency, (5) specialization, and (6) other factors tending to support or contradict an opinion. See 20 C.F.R. § 404.1527(d)(2)-(6).

Cir. Dec. 1, 2004) (noting that in cases where the treating physician rule applies, a reviewing court must evaluate whether the ALJ's decision gave good reasons for failing to give controlling weight to a treating source opinion, as required by the governing Regulation). Social Security Ruling 96-2p clarifies an ALJ's obligation to provide good reasons:

> [T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave the treating source's medical opinion and the reasons for that weight.

SSR No. 96-2p, 1996 SSR LEXIS 9 at *11-12 (Soc. Sec. Admin. 1996).

In this case, the ALJ did provide a specific reason for diminishing the weight afforded to Dr. Hamid's opinion. The ALJ stated that the restrictions identified by Dr. Hamid were inconsistent with Plaintiff's recorded activities. (Tr. 31.) This finding is supported by the evidence in the record.

Despite allegations that Plaintiff could not leave her home without experiencing panic attacks, anxiety, fear, and nausea, counseling records from the Sunshine Center Therapy Program document a fairly active lifestyle. As previously recounted, Plaintiff reported going out and shopping with friends and family. (Tr. 401, 409.) Plaintiff also reported hosting a party for her daughter and entertaining company. (Tr. 401-402.) Plaintiff traveled to Dayton, Chicago, and California. (Tr. 403, 405-406, 410.)

In addition, Plaintiff reported part-time employment with a tax preparation office during tax season. (Tr. 405-406.) The ALJ could have reasonably concluded that these reported activities were inconsistent with the limitations identified by Dr. Hamid. The ALJ made clear the amount of weight he attached to Dr. Hamid's opinion and supported the decision with a specific reason that is substantiated by evidence in the record. Thus, the ALJ fully complied with the procedural requirement of 20 C.F.R. § 404.1527(d)(2) and Social Security Ruling 96-2p.

In addition, the ALJ's decision was in compliance with the regulatory framework for the treatment of treating source opinions. On the basis of certain factors, such as consistency with the record, the Regulations direct an ALJ to add to or diminish the amount of weight to attach a particular opinion. See 20 C.F.R. § 404.1527(d). ALJs are, therefore, entitled to consider opinion evidence in light of these factors in determining the amount of weight to be attached to an opinion. Thus, by finding that Dr. Hamid's opinion was inconsistent with Plaintiff's reported activities, and substantiating that finding with evidence in the record, the ALJ was adhering to the dictates of 20 C.F.R. § 404.1527(d). The ALJ was not, as Plaintiff argues, improperly ignoring the opinion of her treating psychiatrist.

### 3. Other Sources Opinion Evidence

Plaintiff's third argument on appeal to this Court is that the ALJ improperly

ignored the opinion of Ms. Schenck, a licensed clinical social worker. Ms. Schenck met with Plaintiff on five occasions. (Tr. 391-396.) Ms. Schenck opined that due to Plaintiff's chronic pain, she was unable to be "productive for the family by working, doing housework, shopping and cooking." (Tr. 395.) Noting that medical prognosis is outside Ms. Schenck's area of expertise, the ALJ rejected the opinion. (Tr. 31.)

20 C.F.R. § 404.1513, the Regulation governing medical and other evidence of impairments, supplies an expansive approach with regard to the type of evidence that an ALJ may consider in a disability determination. The Regulation provides that in addition to evidence from an acceptable medical source[9], an ALJ may consider other sources for purposes of determining the severity of an impairment and its impact on a claimant's ability to work. 20 C.F.R. § 404.1513(d). The Regulation includes quite an extensive list of individuals qualifying as other sources: nurse-practitioners, physician's assistants, naturopaths, chiropractors, audiologists, therapists, school teachers, counselors, early intervention team members, developmental center workers, daycare center workers, public and private social welfare agency personnel, spouses, parents, caregivers, siblings, other relatives, friends, neighbors, and clergy. Id. It is apparent from the breadth of the Regulation that an ALJ has wide latitude to consider

---

[9] Acceptable medical sources include licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. 20 C.F.R. § 404.1513(a).

evidence from a variety of sources in determining whether a claimant is disabled.

Although 20 C.F.R. § 404.1513(d) provides that an ALJ may consider evidence from a wide variety of sources other than acceptable medical sources, the Regulation does not mandate that an ALJ specifically discuss such evidence or that an ALJ make explicit that such evidence was considered in the disability determination. Generally, in a Social Security disability benefits case, an ALJ need not discuss every piece of evidence in the record for the decision to stand. Thacker v. Comm'r of Soc. Sec., 2004 U.S. App. LEXIS 10277 at *9 (6th Cir. May 21, 2004); Barlow v. Sullivan, 1991 U.S. App. LEXIS 4121 at *16 (6th Cir. Mar. 7, 1991); see also Allison v. Comm'r of Soc. Sec., 1997 U.S. App. LEXIS 4483 at *9 (6th Cir. Mar. 6, 1997). However, the Sixth Circuit has held that perceptible weight must be afforded to lay testimony where it is fully supported by the medical evidence. Lashley v. Sec'y of Health & Human Servs., 708 F.2d 1048, 1054 (6th Cir. 1983); see also Stamper v. Harris, 650 F.2d 108, 111 (6th Cir. 1981); Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980).

In this case, the ALJ acted within his discretion in rejecting Ms. Schenck's opinion. Ms. Schenck is not a medical doctor or a nurse practitioner. As a licensed clinical social worker, Ms. Schenck's primary area of expertise is helping patients with mental health and daily living problems to improve overall functioning, not providing medical diagnosis, prognosis, or treatment. Accordingly, Ms. Schenk's

opinion was not reliable evidence of the severity of Plaintiff's physical impairments and their impact on Plaintiff's ability to work. See 20 C.F.R. § 404.1513(d); see also Adams v. Massanari, 2003 U.S. App. LEXIS 1234 at *15 (6th Cir. Jan. 23, 2003) ("ALJ may discredit the opinion of a physician that is outside her area of expertise").

Furthermore, Ms. Schenck's opinion addresses an issue reserved exclusively for the ALJ. The Regulations provide that certain opinions, such as the opinion that a claimant is unable to work, are reserved to the ALJ because they are administrative findings that are dispositive of the case. 20 C.F.R. § 404.1527(e)(1). Thus, in addition to falling outside her sphere of expertise, Ms. Schenck's opinion is nothing more than a conclusory statement that encroaches upon the exclusive province of the ALJ. Therefore, the ALJ did not err in rejecting Ms. Schenck's opinion.

## IV. CONCLUSION

Therefore, for the reasons set forth above, it is recommended that: the Defendant Commissioner's motion for summary judgment (Record No. 6) be granted; Plaintiff's motion for summary judgment (Record No. 5) be denied; Judgment be entered affirming the Commissioner's decision and dismissing this action with prejudice; and, that this action be stricken from the Court's docket.

Specific objections to this Report and Recommendation must be filed within ten days from the date of service thereof or further appeal is waived. United States v.

Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Rule 72(b), Fed. R. Civ. P.

Signed February 22, 2006.



Signed By:
Peggy E. Patterson  PEP
United States Magistrate Judge

Date of Entry and Service: